**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Holding a Criminal Term

Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| SHATORE STOKES, | : | VIOLATIONS: 21 U.S.C. § 841(a)(1) |
| WINSTON SMITH, | : | and § 841(b)(1)(C) |
| Defendants. | : | (Unlawful Distribution of |
| | : | Phencyclidine); |
| | : | 21 U.S.C. § 841(a)(1) |
| | : | and § 841(b)(1)(A)(iv) |
| | : | (Unlawful Distribution of 100 Grams |
| | : | or More of Phencyclidine); |
| | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting) |
| | : | |
| | : | FORFEITURE:  21 U.S.C. §§ 853(a), (p) |

**I N D I C T M E N T**

The Grand Jury charges that:

**COUNT ONE**

On or about February 13, 2015, within the District of Columbia, **SHATORE STOKES**, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance.

(**Unlawful Distribution of Phencyclidine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT TWO

On or about March 19, 2015, within the District of Columbia, **SHATORE STOKES**, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was 100 grams or more.

(**Unlawful Distribution of 100 Grams or More of Phencyclidine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iv))

## COUNT THREE

On or about May 14, 2015, within the District of Columbia, **SHATORE STOKES and WINSTON SMITH**, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was 100 grams or more.

(**Unlawful Distribution of 100 Grams or More of Phencyclidine and Aiding and Abetting**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iv) and Title 18, United States Code, Section 2)

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Counts One, Two and/or Three, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses.  The United States will also seek a forfeiture money judgment against the defendant in the amount of $2450.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:

FOREPERSON.

Acting Attorney of the United States
in and for the District of Columbia.